USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT J. ARCIOLA,

                Plaintiff,

-v-

THE ARDSLEY COUNTRY CLUB Inc.,

                Defendant.

---

Case No. 14-CV-5057 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

On July 7, 2014, Plaintiff Robert J. Arciola brought suit as a collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law, Art. 6 §§190 *et seq.*, and Art. 19, §§ 650 *et seq.*, and corresponding state Department of Labor Regulations, 12 N.Y.C.R.R. § 142, against Defendant The Ardsley Country Club Inc. (*See* Compl. ¶ 1 (Dkt. No. 2).) Plaintiff alleges that Defendant violated the FLSA and applicable state laws by failing to pay Plaintiff, and other similarly situated employees, for his overtime hours at the required time-and-a-half rate of pay. (Compl. ¶ 2.)

On October 21, 2014, Defendant's counsel informed the Court that the Parties had come to a settlement agreement. (*See* Letter from Michael A. Jakowsky to Court (Oct. 21, 2014) ("Oct. 21 Jakowsky Letter") 1 (Dkt. No. 9).) As required under the FLSA, the Defendant, with Plaintiff's consent, submitted the settlement to the Court for approval. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 334 (S.D.N.Y. 2012) (noting that court approval is required of FLSA settlements). Before a district court approves an FLSA settlement, "it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Id.* at 335.

Here, there are three major problems with the Settlement Agreement that preclude the Court from approving it.

First, the Settlement Agreement, which Defendant's counsel refers to as the "Confidential Negotiated Settlement Agreement," (*see* Oct. 21 Jakowsky Letter at 1), contains a confidentiality provision, (*see id.* Ex. 1 ("Confidential Negotiated Settlement Agreement"), at ¶ 1(e)). Confidentiality provisions in FLSA settlements present problems with respect to the common law right of access to judicial documents. Settlement agreements are not normally considered judicial documents; however, because the FLSA requires judicial approval of settlement, "many courts have held that FLSA settlement agreements are judicial documents subject to the common law right of access," and "many courts have held that an FLSA settlement cannot be sealed or kept confidential 'absent some showing that overcomes the presumption of public access.'" *Mamani v. Licetti*, No. 13-CV-7002, 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014) (quoting *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011)); *see also Armenta v. Dirty Bird Grp., LLC*, No. 13-CV-4603, 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014) ("The presumption of public access extends to any 'judicial document,' that is, any document relevant to the performance of the judicial function and useful in the judicial process. In the context of judicially-approved FLSA settlements, there is no more important judicial document than the settlement itself. The public has a right to know about the terms of such judicially approved settlements."); *Wolinsky*, 900 F. Supp. 2d at 338 ("[I]nsofar as such an agreement goes to the heart of the matter being adjudicated—and implicates the underlying policies of the FLSA—the presumption of public access that attaches to judicial documents is at its strongest."); *Joo*, 763 F. Supp. 2d at 647 (collecting cases). Here, the Parties do not even attempt to make any such

showing; they make no arguments for why the Court should approve this Settlement Agreement in spite of the confidentiality provision.

The added wrinkle to this case is that Defendant filed the Settlement Agreement on the public record, apparently in error.[1] That the terms of the Settlement Agreement are already in the public record does not alone remedy the problem of the confidentiality provision. In a recent case in which a party similarly filed an FLSA settlement agreement that contained a nondisclosure provision on the public docket, a court in this District held that it nonetheless could not approve the settlement due to that provision because "[s]uch a provision is contrary to well-established public policy" and because "the nondisclosure agreement impedes one of the goals of the FLSA—to ensure that all workers are aware of their rights." *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014); *see also Moreno v. Nassau Country Club*, No. 12-CV-5324, 2013 WL 5788730, at *2 (E.D.N.Y. Sept. 26, 2013) ("Because confidentiality contravenes the legislative intent of the FLSA, several District Courts in this Circuit have banned confidentiality provisions in stipulated settlement agreements for FLSA actions." (citations, internal quotation marks, and emphasis omitted)); *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (same and collecting cases); *Scott v. Memory Co., L.L.C.*, No. 09-CV-290, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." (citations, alterations, and internal

---

[1] The terms of the Confidential Negotiated Settlement Agreement suggest that the filing of the unredacted Agreement on the public record was an error by Defendant's counsel. (*See* Confidential Negotiated Settlement Agreement ¶ 5 (noting that a redacted Settlement Agreement was to be filed on the public record and an unredacted version was to be sent to the Court for in camera review).)

3

quotation marks omitted)); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) ("By including a confidentiality provision, the employer thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right."); *Head v. V & L Servs. III, Inc.*, No. 08-CV-917, 2009 WL 3582133, at *3 (M.D. Fla. Oct. 27, 2009) ("I note that the settlement agreements contain terms that this Court would not approve, such as the confidentiality provisions, which are partially unenforceable in light of the public filing of the agreements." (citation omitted)).

Second, in order for the Court to assess the fairness of the Settlement Agreement, the parties must "provide the Court with enough information about the bona fides of the dispute for the Court to determine whether the settlement amount is fair and reasonable. For example, although the parties dispute the amount that Plaintiff is owed (or whether Plaintiff is owed anything at all), the parties do not provide the Court with each party's estimate of the number of hours worked or the applicable wage." *Mamani*, 2014 WL 2971050, at *2. Furthermore, "[t]he employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages." *Guareno*, 2014 WL 4953746, at *1 (internal quotation marks omitted). "The parties have done none of this. The settlement includes a blanket denial of liability from the employer, with no articulation of the merits of the dispute." *Id.*

Third, the Settlement Agreement provides for $10,000.00 to be paid to Jaffe Glenn Law Group, P.A., Plaintiff's counsel, as "payment for Plaintiff's alleged attorneys' fees and expenses[.]" (Confidential Negotiated Settlement Agreement ¶ 1(g)(iii).) "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336 (citing 29 U.S.C. § 216(b) as

providing that the court may allow a reasonable attorney's fee to be paid by the defendant). To do this, Counsel "must provide a factual basis for a fee award, typically with contemporaneous time records." *Guareno*, 2014 WL 4953746, at *2. Here, the Parties submitted no explanation for this amount. "In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees. Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *Id.* (citations, alterations, and internal quotation marks omitted).

For the above reasons, the Court does not approve the Agreement. Accordingly the Parties may proceed in one of two ways: (1) the Parties may file on the public docket a revised Agreement that does not include a confidentiality provision, together with a Stipulation of Dismissal to be so ordered by the Court; or (2) the Parties may file a joint letter indicating their intention to abandon the settlement and to continue litigating this matter. If the Parties choose the first option, they shall also file a joint letter that describes the bona fides of the dispute, and explains why the settlement amount is fair and reasonable and provides support for the provision of attorney's fees as set out in the Agreement. The Parties have seven days from the issuance of this Order to inform the Court how they intend to proceed.

SO ORDERED.

Dated: White Plains, New York
October 29, 2014

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE